**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Rachael Chambers Spielmann, D.O.,<br><br>Plaintiff,<br><br>v.<br><br>The Duluth Clinic, Ltd.,<br><br>Defendant. | Case No.: ________ |

**DEFENDANT'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Duluth Clinic, Ltd., by its undersigned counsel, hereby removes this action, *Rachael Chambers Spielmann v. The Duluth Clinic, Ltd.*, from the Circuit Court in and for Sawyer County, Wisconsin, to the United States District Court for the Western District of Wisconsin.

This Court has subject-matter jurisdiction over this action because (1) there is complete diversity of citizenship between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other removal requirements have been satisfied.

In support of this Notice of Removal, Defendant states as follows:

**THE REMOVED CASE**

1. The removed case is a civil action filed by Plaintiff on November 10, 2026, in the Wisconsin Circuit Court in and for Sawyer County, Wisconsin.

2. On November 13, 2026, Defendant received copies of the following documents filed by Plaintiff on November 10, 2026: (1) Summons; (2) Complaint; (3) Plaintiff's Notice of Motion and Motion for Temporary Injunction; (4) Brief in Support of Plaintiff's Motion for Temporary Injunction; (5) Declaration of Adam J. Oliver with Exhibits A-D; (6) Proposed Order Granting Temporary Injunction. True and correct copies of these documents are attached hereto as **Exhibits 1-6**, respectively.

3. The Complaint alleges that the contract between the parties will terminate on January 9, 2027; that such termination will render the noncompete and liquidated damages provisions in the agreement unenforceable against Plaintiff; and that, alternatively, the noncompete and liquidated damages provisions are otherwise unenforceable against Plaintiff under Wisconsin and Minnesota law. (Ex. 1 ¶¶ 26–32, 55.)

4. Based on these allegations, Plaintiff asserts causes of action seeking: (1) a declaratory judgment that the parties' agreement (including its noncompete and liquidated damages provisions) will terminate on January 9, 2027; (2) a declaratory judgment (in the alternative) that the noncompete and liquidated damages provisions are overbroad, unreasonable, void against public policy, and unenforceable against Plaintiff; and (3) temporary and permanent injunctive relief enjoining Defendant from enforcing or attempting to enforce the noncompete and liquidated damages provisions against her. (*Id.* ¶¶ 47–67.)

## THIS COURT HAS SUBJECT MATTER JURISDICTION

5. This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

6. This Court has original jurisdiction under 28 U.S.C. § 1332 over the present action because (a) there is complete diversity of citizenship between Plaintiff and Defendant and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Complete Diversity of Citizenship Exists*

7. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in Duluth, MN. It is therefore a citizen of both Delaware and Minnesota for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is deemed a citizen of every State of incorporation and the State where it has its principal place of business).

8. Plaintiff is an individual who resides and is domiciled in Hayward, Wisconsin, and intends to remain there. (Ex. 1 ¶¶ 5, 34.) Plaintiff is therefore a citizen of Wisconsin for diversity purposes. *O'Neal v. Atwal*, 425 F. Supp. 2d 944, 946 (W.D. Wis. 2006) (noting that for purposes of diversity, an individual is a citizen of the State where the individual is physically present and intends to remain indefinitely).

9. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant because Plaintiff is not a citizen of any of the same states as Defendant. *See* 28

U.S.C. § 1332(a)(1). And this case is removable on the basis of diversity jurisdiction because Defendant is not a citizen of Wisconsin. *See* 28 U.S.C. § 1441(b)(2).

***The Amount-in-Controversy Requirement Is Satisfied***

10. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. If a plaintiff contests the defendant's allegation, the defendant need only show that the amount-in-controversy requirement has been satisfied by a preponderance of the evidence. *Id.* at 88.

11. "When a plaintiff seeks injunctive relief, the value of such relief for purposes of determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Milwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 772 (E.D. Wis. 2003) (internal quotation marks omitted). This value can be determined by anticipating "the harms to the plaintiff if the challenged conduct is allowed to occur." *Id.* In cases involving injunctive relief, "precision is not required." *Id.*

12. Here, Plaintiff alleges that, unless she receives the declaratory and injunctive relief sought in her Complaint, she stands to owe Defendant liquidated damages under the parties' agreement that "could exceed $1,000,000." (Ex. 1 ¶ 46.) Conversely, should Plaintiff receive the relief sought in her Complaint, Defendant will be precluded from

enforcing the noncompete and liquidated damages provisions in the parties' agreement—and as a result, suffer pecuniary harm exceeding $75,000.

13. Based on the face of the Complaint and the nature and extent of the rights and issues at stake in this action, the amount in controversy far exceeds $75,000.

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### *Venue is Proper*

14. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Court is the appropriate venue to file this Notice of Removal because the United States District Court for the District of Western Wisconsin includes Sawyer County, Wisconsin, the county in which the state court action is pending.

### *The Notice of Removal Is Timely*

15. This Notice of Removal is timely filed. A defendant has 30 days to file the Notice of Removal after receipt, "through service or otherwise," of a copy of the Complaint. 28 U.S.C. § 1446(b)(1).

16. On November 13, 2026, Defendant received copies of the Summons and Complaint.

17. The 30-day deadline to remove technically lands on Sunday, December 13, 2026. Because this date falls on a weekend, the deadline is automatically extended until Monday, December 14, 2026. Fed. R. Civ. P. 6(a)(C) (a statutory time period that lands on a weekend is extended until the next weekday that is not a legal holiday). Because this Notice of Removal is filed on November 19, 2026, it is therefore timely under 28 U.S.C. § 1446(b)(1).

***Defendant Consents to Removal***

18. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must consent to removal. Defendant is the sole defendant in this case and consents to removal, as indicated by the signature block below.

***Papers from the Removed Action Are Attached***

19. Defendant attaches to this Notice of Removal a copy of all materials required to be filed pursuant to 28 U.S.C. § 1446(a). (*See* Exs. 1-6.)

***Notice Will Be Provided to the State Court and Plaintiff***

20. Promptly after filing this Notice of Removal, Defendant will serve Plaintiff with and file a copy of this Notice of Removal with the Clerk of the Circuit Court in and for Sawyer County, Wisconsin, to effect removal of this action, pursuant to 28 U.S.C. § 1446(d). Defendant has not yet filed an Answer or otherwise responded to the Complaint in this action, but it will timely do so following removal, consistent with Federal Rule of Civil Procedure 81(c).

21. By filing this Notice of Removal, Defendant does not waive any rights or defenses, and expressly reserves all rights and defenses, both procedural and substantive, it may have with respect to Plaintiff's lawsuit, including all rights and defenses relating to the arbitration provision in the parties' agreement.

22. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to amend its notice of removal (if necessary), as well

as to brief any disputed issues and present oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendant hereby removes the above-captioned matter, now pending against it in the Circuit Court in and for Sawyer County, Wisconsin, to the United States District Court for the District of Western Wisconsin.

Respectfully submitted,

**MASLON LLP**

Dated: November 19, 2026

By:*/s/ James F. Killian*

James F. Killian (WI #1003582)
John T. Duffey (MN #0392157)*
Carmen-Marie Carballo (MN #0402890)*
225 South Sixth Street, Suite 2900
Minneapolis, MN 55402
(612) 672-8200
james.killian@maslon.com
john.duffey@maslon.com
carmen.carballo@maslon.com
** Pro Hac Vice Applications to be submitted*

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and all attachments thereto, was filed with this Court using the Court's electronic filing system on November 19, 2026, and that on said date a copy of this document was transmitted by U.S. mail and email to counsel below:

Pamela A. Dattilo
Adam J. Oliver
ECKLAND & BLANDO LLP
100 Washington Avenue South, Suite 1500
Minneapolis, MN 55401
pdattilo@ecklandblando.com
aoliver@ecklandblando.com
**ATTORNEYS FOR PLAINTIFF**

*s/ James F. Killian*
James F. Killian